IN THE MATTER OF: SYDNEY O'NEAL

No. COA99-1164

(Filed 3 October 2000)

**Child Support, Custody, and Visitation— custody—grandparents—failure to allow evidence concerning best interest of child**

The trial court erred by refusing to allow the paternal grandfather of a child who had been removed from the custody of her parents to offer evidence at a review hearing on the question of the best interest of the child in support of his motion for custody of his grandchild under N.C.G.S. § 50-13.1(a), because: (1) the intervening grandparents and the parents of the child had the right to offer evidence in support of their respective motions for custody; and (2) the trial court did not exclude the evidence because it was incompetent, irrevelant, or cumulative, but simply declined to hear anything else about the case.

Appeal by intervenor Robert O'Neal from order entered 19 May 1999 by Judge John L. Whitley in Edgecombe County District Court. Heard in the Court of Appeals 21 August 2000.

*W. Michael Spivey for intervenor-appellant Robert O'Neal.*

*Kenneth D. Myers for appellees Ken and Carol Matonis; and Etheridge, Sykes, Britt & Hamlett, by J. Richard Hamlett, II, for appellees Lauren Matonis and Christopher O'Neal.*

HORTON, Judge.

Lauren Matonis and Christopher O'Neal are the birth parents of Sydney O'Neal, who was born on 23 February 1998 with heroin in her system. Sydney was declared to be a dependent child in the Edgecombe County District Court on 26 May 1998, and her legal cus-

tody placed with the Edgecombe County Department of Social Services (DSS). DSS placed the physical custody of the child with Velma Eatmon, who is a friend of the paternal grandfather of the child, appellant Robert O'Neal. Robert O'Neal filed a motion to be allowed to intervene in the juvenile proceeding, and asked for custody of Sydney, as did Ken and Carol Matonis, the maternal grandparents. On 22 September 1998, all grandparents were allowed to intervene in the proceeding.

On 23 November 1998, the trial court continued legal custody of Sydney with DSS but transferred the child's physical custody to the maternal grandparents, Ken and Carol Matonis, who reside in Ohio. A review of the custody arrangement was set for 16 February 1999, and the trial court ordered that any party who desired to present testimony at the review hearing notify the other parties of his or her intent. Robert O'Neal, the appellant, gave notice on 8 December 1998 that he would introduce evidence at the February review hearing. Prior to the review hearing, Robert O'Neal moved that the trial judge recuse himself because the judge had allegedly expressed opinions about disposition of the case, and had refused to allow appellant O'Neal to present evidence at the November review hearing. On the day scheduled for the February review hearing, all parties reached a settlement in the case. Under the terms of their agreement, appellant Robert O'Neal agreed to withdraw his request for custody of Sydney; legal custody of the child was to be transferred to the Ohio DSS; physical custody was to remain in the maternal grandparents; and Mr. O'Neal was to remain a party to the Ohio action, and was to have certain rights of visitation with Sydney. The parties prepared a handwritten settlement agreement, but it was never signed by the trial court, nor was an order incorporating its terms ever entered.

Problems developed with the settlement, however, when the Ohio DSS would not accept custody of the child subject to the conditions the parties set out in the settlement agreement. Robert O'Neal then wanted to withdraw, or alter, the settlement agreement in light of the changed circumstances, and filed a motion to do so on 23 March 1999. The motion was noticed for hearing on 13 April 1999. At the 13 April 1999 hearing, the trial court did not hear from Mr. O'Neal, but informed the parties that if they could not reach a compromise agreement, the court would resolve the matter. As the parties could not reach a compromise of the issues between them, the trial court declined to hear further evidence, and entered an order returning the child to the custody of her parents effective 16 February 1999. The

IN RE O'NEAL

[140 N.C. App. 254 (2000)]

trial court also refused to allow appellant O'Neal to proffer his evidence for the record so as to preserve it for appellate review. Robert O'Neal appealed to this Court in apt time. The trial court stayed its order pending our review.

Appellant argues that the trial court erred by refusing to allow him to offer evidence in support of his motions, and erred by refusing to allow him to make a proffer of his evidence for appellate review. We agree with appellant, reverse the order announced by the trial court at the 13 April 1999 hearing and entered in written form on 19 May 1999, and remand the matter for a proper hearing.

On 26 May 1998, the trial court adjudicated Sydney to be a dependent child within the meaning of the juvenile code. *See* N.C. Gen. Stat. § 7A-517(13) (1995). Because her parents could not adequately care for her at that time, the child was removed from their custody and placed in the legal custody of DSS. Where a child is removed from the custody of his parents, the code requires there be periodic reviews of the case. N.C. Gen. Stat. § 7A-657 (1998 Cum. Supp.) Our Supreme Court construed an earlier, but substantially similar, version of N.C. Gen. Stat. § 7A-657 to authorize the trial court to

> do one of the following: (1) enter an order continuing the placement under review; (2) enter an order providing for a different placement; or (3) restore custody of [the child] to her mother. Regardless of the option chosen by the trial court, the trial court must deem that option to be in the best interest of [the child].

*In re Shue*, 311 N.C. 586, 599, 319 S.E.2d 567, 575 (1984). In *Shue*, the Supreme Court noted that at such review hearings, the trial court was only ordering a *trial placement* of the child, unless one or both of the parents of the child or "some other person, agency, organization or institution claiming the right to custody . . . files a motion in the cause pursuant to G. S. 50-13.1 . . . ." *Id.* at 601, 319 S.E.2d at 576.

In the case before us, appellant Robert O'Neal filed a motion for custody of his grandchild pursuant to N.C. Gen. Stat. § 50-13.1(a) (1999), as did the maternal grandparents, Carol and Ken Matonis. Thus, the trial court had authority to receive evidence at the review hearing and not only consider return of the child to her parents, but also consider granting custody to appellant or to the maternal grandparents. The intervening grandparents had the right to offer evidence in support of their respective motions for custody, as did the parents of the child.

**IN RE O'NEAL**

[140 N.C. App. 254 (2000)]

Here, the appellant attempted to offer evidence at the 13 April 1999 review hearing, and informed the trial court of the names of the witnesses he wished to call. The trial court heard the statements of counsel, declined to hear further evidence, and announced that it was making a retroactive return of custody to the parents effective 16 February 1999. Appellant then asked permission to proffer his evidence "on the review for the record." The trial court declined, however, to allow him to do so, stating that, "when you get back the judgment from the Court of Appeals saying that this has got to be heard further, . . . then . . . you can have your evidence at that point in time . . . ."

In *Shue*, the trial court limited the mother of the child whose placement was in dispute to one hour of evidence in support of her request that her child be returned to her. The Supreme Court held that the trial court committed prejudicial error by failing to admit and consider the mother's evidence:

> Without hearing and considering this evidence (although the trial court was not required to believe this evidence), the trial court could not intelligently decide what was in the best interest of Loretta Shue. In spite of the fact that all of the psychological reports and the reports prepared by various DSS professionals recommended that it was in the best interest of Loretta Shue for her to remain in the custody of her father, Roy Shue, *the trial court was still required to hear and consider all of the evidence tendered to the court by the mother which was competent, relevant and non-cumulative. In failing to do so, the trial court committed prejudicial error.*

*Shue*, 311 N.C. at 598, 319 S.E.2d at 574 (emphasis added).

Here, as in *Shue*, the trial court erred in refusing to allow appellant to offer his evidence on the question of the best interest of this minor child. We also note that the trial court did not exclude appellant's evidence because it was incompetent, irrelevant, or cumulative, but simply declined to "hear anything else about this thing today." That the court could not do.

The order orally entered by the trial court on 13 April 1999, reduced to written form and signed on 11 May 1999, and filed on 19 May 1999, is reversed and the case is remanded to the District Court of Edgecombe County for a full hearing as provided by law.

**FICKLEY v. GREYSTONE ENTERS., INC.**

[140 N.C. App. 258 (2000)]

Reversed and remanded.


Chief Judge EAGLES and Judge MARTIN concur.